IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON FREEMAN,

    Petitioner,                    No. CIV S-07-1310 LKK DAD P

    vs.

D.K. SISCO,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the Board of Parole Hearings November 2, 2005, decision to deny him parole. Before the court is petitioner's motion for discovery.

        In his petition pending before the court petitioner first argues that the Board's decision that he poses a threat to public safety was not supported by some evidence. (Pet. at 18.)[1] In this regard, petitioner argues that in denying him parole the Board relied solely on "static factors" such as his commitment offense in violation of his due process rights. (Id. at 20-21.)

---

[1] The pages of the habeas petition are not consecutively numbered and petitioner has mingled pages from his state court petitions with pages of his federal habeas petition. Therefore, the page numbers referred to herein are those assigned by the court's electronic filing system.

1

1  Second, petitioner argues that California Penal Code § 3041(b)[2] "imposes an affirmative
2  obligation to grant parole" and that the statute creates a cognizable liberty interest in parole. (Id.
3  at 18.) Petitioner contends that rather than "normally" granting parole as required, the Board has
4  adopted a "policy of denying parole to virtually all term-to-life inmates." (Id. at 22.) Finally,
5  petitioner claims that the Board's repeated reliance on the commitment offense over the course of
6  multiple hearings to deny parole has rendered his term of imprisonment "disproportionate in
7  relation to the offense and the inmate's culpability in relation thereto." (Id. at 23.)
8         In his motion now before the court, petitioner seeks an order requiring the
9  production of all discovery documents submitted to the Santa Clara County Superior Court in
10 four cases he identifies as follows: In re Criscione, Case No. 71614; In re Lewis, Case No.
11 71194; In re Bragg, Case No. 108543; and In re Ngo, Case No. 127611.[3] Petitioner apparently
12 believes that discovery produced in those state court cases with respect to Parole Board practices
13 would be helpful to him in seeking habeas relief in his own case. In this regard, petitioner argues
14 that he did not receive a fair parole hearing because there is a policy or practice of denying parole
15 suitability. (Mot. at 8.)

---

[2] California Penal Code § 3041(b) provides in part: "The panel or the board [of Parole Hearings], sitting en banc, shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting . . . ."

[3] The court has been able to obtain only limited information about two of the four state court cases referred to by petitioner. In In re Criscione, No. H029664, 2006 WL 2868922 (Cal. App. Oct. 10, 2006) (unpublished), the Board's decision granting parole was reversed by the governor in 2002 and the Board again denied the petitioner parole in 2003 and 2004. It is not clear from the unpublished opinion what discovery documents were filed or produced in the Superior Court in that case. In In re Ngo, the Board denied Ngo parole in 2003 because his "release from prison would pose an unreasonable risk of danger to public safety, in light of the especially cruel and callous nature of the murder and Ngo's inexplicable motive. Board of Prison Terms v. Superior Court, 130 Cal. App. 4th 1212, 1221 (Cal. App. July 5, 2005). The Board also determined that Ngo was unsuitable for parole based on his escalating pattern of criminal conduct and his need for additional prison programming." (Id.) Again, it is not clear what discovery documents were filed or produced in the Superior Court in that case.

1      Respondent opposes the motion on the grounds that in his habeas petition before
2 this court petitioner has not presented a claim challenging the impartiality of the Board nor
3 asserting that he has been a victim of an alleged no-parole policy in violation of his constitutional
4 rights. (Opp'n at 1-2.) More importantly, respondent argues that petitioner has never presented
5 such a claim to the California Supreme Court. (Id.) Therefore, respondent contends that the
6 discovery sought by petitioner relates to a claim that in any event is unexhausted and that his
7 motion should be denied for that reason. (Id at 2.)

8      In his reply, petitioner argues that his petition before this court does adequately
9 allege that he was denied a fair hearing and that the Board and the State are operating unlawfully
10 in routinely denying parole despite the requirements of state law. (Reply at 2.)

11      The parties in a habeas proceeding are not entitled to discovery as a matter of
12 course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728
13 (9th Cir.), cert. denied, 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the
14 processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent
15 that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to
16 do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at
17 904. Good cause is shown "where specific allegations before the court show reason to believe
18 that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .
19 entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300
20 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). A request for discovery
21 must be accompanied by the party's proposed interrogatories, requests for admission, or
22 documents sought to be produced, as appropriate. See Rule 6(b), Fed. R. Governing § 2254
23 Cases. Federal courts have "the power to 'fashion appropriate modes of procedure,' including
24 discovery, to dispose of habeas petitions 'as law and justice require[.]'" Bracy, 520 U.S. at 904
25 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728.
26 /////

1  Here, the court is not persuaded that petitioner has demonstrated good cause for
2  the requested order.  Petitioner has not made a showing that the requested documents will assist
3  him in demonstrating that he is entitled to relief on the petition pending before this court.  Nor
4  has petitioner submitted a proposed requests for production of documents explaining the nature
5  of the documents he seeks or what those documents are expected to reveal.  Petitioner has merely
6  listed the case name and numbers of four cases that were previously pending before the Santa
7  Clara County Superior Court, seeking whatever documents were produced in those cases.  In this
8  regard, the request is neither sufficiently particular nor is the relevance of the documents sought
9  to these proceedings adequately detailed.  A habeas petitioner may not "use federal discovery for
10 fishing expeditions to investigate mere speculation."  Calderon v. U.S. Dist. Court, 98 F.3d 1102,
11 1106 (9th Cir. 1996) (citation omitted).
12  Accordingly, IT IS HEREBY ORDERED that petitioner's October 17, 2007
13 motion for discovery (Doc. No. 16) is denied without prejudice.
14 DATED: September 26, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
free1310.disc

4